UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In RE:  }
        }   Case No. 19-12217
Jatoya W. Garnett  }
        }   Chapter 13
        }
Debtor(s)  }

## CHAPTER 13 PLAN

**I.**    **Notice**

NOTICE TO CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.  IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING.  THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED.  SEE BANKRUPTCY RULE 3015.  YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

- ☒ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor.
- ☐ The plan will seek avoidance of a lien or security interest
- ☒ The plan contains nonstandard provisions in paragraph VI

**II.**    **Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $150.00 for 60 months.

**III.**    **Plan Distribution:** From the payment received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    **1. Priority Claims:**
    Full Payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
- ☒ (A) Debtor's Counsel Fees: All Fees to be paid by Delaware Legal Services.
- ☐ (B) Priority Taxes: Trustee to pay Delaware EZ pass $2,300.00.
  Upon Confirmation, once the Proof of Claim as filed has been paid, the debt is paid in full and all interest and penalties are discharged, to the extent not inconsistent with the discharge provisions set forth in 11 U.S.C. §§ 1328(a)(2), and 523(a).
- ☐ (C) Domestic Support Obligations: N/A
- ☐ (D) Other Priority or Administrative Expenses: N/A

    **2. Secured Claims** (boxes must be checked)

☐ Pro-rata with or
☒ subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

☒ (A) Long term or mortgage debt – No payments to be paid to US Bank $0.00 (total amount of pre-petition arrears for the real property for property located at 1 Purnell Street, Frederica, DE).
☒ Debtor shall continue to make regular post-petition payments directly to 11/1/19.  This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be governed.

☒ (B) Secured Vehicle debt (Cram-Down) – Pro-rata Payments to Provident FCU on the 2015 KIA Forte in the total amount of $5,799.60 which represents a cram down on a fair market value of $5,000.00 with an interest rate of 6%.  (Upon final payment, title is to be marked "satisfied" and returned to the debtor(s)).  Debtor(s) will maintain insurance on the value of the collateral as the creditor's interest may appear.

☐ (C) Other Secured debt: N/A

3. **Surrender of Collateral and Co-Debtor Relief:**
   ☐ (A) Debtor surrenders secured collateral to: N/A.  Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. §362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan.  Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   ☐ (B) Co-Debtor relief under 11 U.S.C. §1301 is granted effectively immediately upon confirmation of this Plan as to surrendered property.

4. **Unsecured Claims:**
   Subsequent to dividends to priority and secured creditors, dividends to allow non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or ☒ a pro-rata dividend of:
   ☐ 1. _____ BIOC or
   ☐ 2. _____ Disp. Income x 60 months as calculated under §1325(b), or
   ☒ 3. A pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:** (if applicable) The following leases or executory contracts of the debtor will be treated as follows:  Furniture lease with Progressive leasing is hereby assumed and wil be paid directly by debtor.

V. **Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee.  Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s).  Upon dismissal, unless

otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI.**    **Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

**VII.**    **Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed either electronically or as paper. To file an electronic, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms", then click on "Bankruptcy Forms", then select "B410-Proof of Claim". Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

/s/ Jatoya W. Garnett                                                    10/11/2019

Debtor's Signature                                                       Date

Joint Debtor's Signature                                            Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

/s/ William F. Jaworski Jr.                                        10/11/2019

Attorney for Debtor(s)                                             Date

# PLAN ANALYSIS

IN RE:
DEBTOR                                             Case No.: 19-12217
Jatoya W. Garnett

Estimated length of plan: 60 months          Trustee Use:
                                             341 Meeting Date: _____
                                             Continued: _____
                                             Confirmed date: _____

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

| | |
|---|---:|
| A. Total Priority Claims ……………………………………………… | $ |
|    1. Unpaid Attorney Fees ……………………………………… | $ |
|    2. Taxes ……………………………………………………………….. | $ |
|    3. Other ……………………………………………………………….. | $2,300.00 |
| B. Total of Payments to Cure Defaults (Class Two)………………….. | $ |
| C. Total of Payments on Secured Claims (Class Three)……………….. | $5,799.60 |
| D. Total of Payments on Unsecured Claims (Class Four)…………….. | $ |
| E. SUBTOTAL……………………………………………………………….. | $8,099.60 |
| F. Total of Trustee's Compensation (10% of Debtors payment)……… | $899.95 |
| G. Total Debt and Administrative Expenses…………………………... | $8,999.55 |

**RECONCILIATION WITH CHAPTER 7**

| | |
|---|---:|
| H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED... | $ |
| 1. Value of Debtor's interest in non-exempt property……………………… | $ |
| 2. Plus: value of property recoverable under avoiding powers…………….. | $ |
| 3. Less: estimated chapter 7 administrative expense………………………. | $ |
| 4. Less: amounts payable to priority creditors other than costs of .      Administration…………………………………………………….. | $ |
| 5. Equals: estimated amount payable to Class 4 creditors if chapter 7       filed (if negative, enter zero)……………………………………….. | $ |
| I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7.. | $ |
| J. ESTIMATED DIVIDEND UNDER PLAN………………………………. | $ |
| F. Total of Trustee's Compensation (10% of Debtors payment)………….. | $ |
| G. Total Debt and Administrative Expenses……………………………… | $ |

/s/ Jatoya W. Garnett                                             10/11/2019
_____          _____
Debtor's Signature                                                Date



_____          _____
Joint Debtor's Signature                                          Date

/s/ William F. Jaworski Jr.                                       10/11/2019
_____          _____
Attorney for Debtor(s)                                            Date